IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LIONEL JOSEPH STATON                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:20-CV-00172-DAS

TIMOTHY BOGGS                                                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Lionel Joseph Staton, who alleges a single claim for a constitutional violation under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. Section 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendant used excessive force against him on June 3, 2017. The defendant moved to dismiss, arguing that the plaintiff filed the instant suit after the expiration of the applicable limitations period. The plaintiff failed to respond and the matter is now ripe for resolution. For the reasons set forth below, the defendant's motion [21] to dismiss will be granted, and this case will be dismissed with prejudice as untimely filed.[1]

Factual Background

Staton alleges that, on June 3, 2017, officers with the Corinth Police Department pursued him in a high-speed car chase. When the pursuit ended, Defendant Timothy Boggs, a Corinth police officer, allegedly shot Staton in the back, and then "beat" Staton in his head and side. According to Staton, he was unarmed and posed no danger at the time.

---

[1] As the plaintiff consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), the undersigned has the authority to enter this order and the accompanying judgment.

Staton filed the instant suit on August 13, 2020, asserting a claim for excessive force against Timothy Boggs. On December 3, 2020, Boggs moved to dismiss Staton's claim as time-barred. Staton failed to respond to the motion, and the time for doing so has passed.

Discussion

Staton's allegations that Boggs used excessive force against him on June 3, 2017, are barred by the applicable statute of limitations. In an action brought under Section 1983, a federal court must apply the forum state's general statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, that period is three years. *See* Miss. Code Ann. § 15-1-49; *Norwood v. City of Mendenhall, Miss.*, 630 F. App'x 245, 249 (5th Cir. 2015) (citing *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012)). Although state law controls the statute of limitations, "federal law governs when a [Section] 1983 claim accrues." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cr. 2016); *see also Wallace*, 549 U.S. at 388. Under federal law, a Section 1983 claim accrues, and the limitations period begins to run, "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).

Staton filed his complaint on August 13, 2020. *See* Doc. # 1. In his complaint, Staton avers that Boggs shot and beat him on June 3, 2017. Certainly, Staton became aware that he was injured at the moment he was allegedly shot and beaten. Thus, the three-year limitations period began to run on June 3, 2017, and expired on June 3, 2020. Staton filed the instant case on August 13, 2020, two months after the limitations period had run. Staton failed to advance an argument for tolling the statute of limitations nor did he argue that the limitations period has not

otherwise run. Applying the relevant authority, the Court finds that it is apparent on the face of Staton's complaint that the statute of limitations has run, and that Staton's claim is time-barred.

Conclusion

For the reasons set forth above, Boggs' motion [21] to dismiss will be **GRANTED**, and Staton's complaint will be **DISMISSED with prejudice** as untimely filed. A final judgment in accordance with this opinion and order will issue this day.

**SO ORDERED**, this the 5th day of April, 2021.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**